## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL R. STEINWAY and**
**PEGGY A. STEINWAY and**
**DAVID W. CROWELL,**

      **Plaintiffs,**

**v.**

**THE VILLAGE OF PONTOON BEACH,**
**a Municipal Corporation; and in their**
**individual and official capacities,**
**VILLAGE OF PONTOON BEACH, ILLINOIS,**
**POLICE CHIEF CHARLES LEUHMANN,**
**PATROLMAN JOHN SIMMONS #062, and**
**LIEUTENANT DAN ABLE, #053,**

      **Defendants.**                   **Case No. 06-cv-1043-DRH**

## ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

Now before the Court is Plaintiffs' Motion for Default Judgment (Doc. 14), pursuant to Federal Rule of Civil Procedure 55.  Plaintiffs seek an entry of default judgment, pursuant to Rule 55(a), and a subsequent judgment of default against Defendants for their failure to timely Answer or otherwise respond to Plaintiffs' Complaint.  In their Motion, Plaintiffs show that service was executed upon Defendants on January 10, 2007 (Doc. 14, pp. 2-3).  Accordingly, Defendants' Answers or other responsive pleadings were due by January 30, 2007.

Plaintiffs claim that it was not until Plaintiffs initially filed their Motion for Default Judgment (Doc. 6) on February 8, 2007, that they were even contacted by counsel for Defendants five days later, on February 13, 2007 (Doc. 14, p. 4). Reviewing the docket, the Court notes that on February 13, 2007, attorney for Defendants, Eric Evans, entered his appearance on behalf of all Defendants (Doc. 7). That same day, Evans also filed a Motion to Dismiss and supporting memorandum on behalf of defendant Village of Pontoon Beach (Docs. 8 & 9).  Later that day, Plaintiffs filed a Motion for Entry of Default (Doc. 10), (which they later amended and filed on February 14, 2007 (Doc. 7) – the instant Motion).  Additionally, defendants Siommons, Able and Leuhmann filed their Answer (Doc. 11) as to Counts I and IV of Plaintiffs' Complaint on February 14, 2007 and also filed a Memorandum in Support of a Motion to Dismiss (Docs. 12, 13) (both of which were stricken from the record as the Motion to Dismiss was actually a proposed order and therefore, the memorandum could not act as a stand-alone pleading without the corresponding Motion).  Defendants Siommons, Able and Leuhmann have thereafter filed a Motion for Extension of Time to File Answer or Otherwise Plead (Doc. 23), and a further Motion for Leave to File Answer and Vacate any Defaults (Doc. 24) has been filed on behalf of all Defendants.

After reviewing Plaintiffs' Motion for Entry of Default (Doc. 14), the Court entered an Order (Doc. 17), directing all Defendants to file a Response to Plaintiffs' Motion.   In compliance, Defendants filed their Response (Doc. 23). Therefore, the issue of default is now ripe.

## II. <u>DISCUSSION</u>

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**.  Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. PRO. 55.**  "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead.  ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**.  However, "it is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments." ***Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984))**.  With this in mind, the Court turns to Defendants' Response (Doc. 23).

The Response explains that although Defendants were served on January 10, 2007, counsel was not retained by Village of Pontoon Beach's insurance company until January 29, 2007 (one day before their answer was due) (Doc. 23, p. 1).  Continuing, the Response points out that Plaintiffs' Complaint was an "exhaustive 77-paragraph, 46-page complaint . . ." (*Id*.).  Apparently, Defendants' lead counsel was then involved in trial preparation for a trial which started on February 6, 2007

and ended ten days later.   However, during this time, the Response states that Defendants' associate defense counsel "was in the process of gathering documents pertaining to [Plaintiffs'] claims . . ." (*Id*. at 2).  The Response then lists motions filed on behalf of Defendants and the corresponding dates of filing, along with the good intentions Defendants have in answering Plaintiffs' claims and proceeding forward with this case, as they believe their defenses are meritorious.  Finally, the Response asserts that Defendants took quick action to correct the inadvertent default – even in light of the fact that "Defendants were prejudiced through no fault of their own by the delay in getting the necessary documents" (*Id*. at 4).

Adopting the rationale of the Seventh Circuit, as the Defendants have now filed some type of responsive pleading, the Court believes that granting a default judgment would be a harsh and prejudicial remedy, as it can now attempt to resolve Plaintiffs' claims on the merits.  Yet, the Court would like to specifically comment on behavior displayed by Defendants' counsel thus far.  Although somewhat prompt in attempting to rectify the default, Defendants' Response attempts to artfully skate around the issue of why Defendants defaulted in the first place.  It is evident from the Response that counsel for Defendants acted without much diligence.

True, they were retained very late in the game, but upon receiving the Complaint, the Answer deadline should have been noted and calendared, regardless of counsel's other preexisting obligations.  If this would have happened, counsel next should have realized the Answer or other responsive pleading was due the following day, whereupon counsel should have either contacted Plaintiffs' counsel to request

a consented extension of time, or else should have filed a short Motion for Extension of Time to Answer or Otherwise Plead (as counsel then managed to do on February 16, 2007). Anything to show an attempt to avoid a default. However, absolutely nothing was filed until nearly two weeks later.

The Rules of Civil Procedure do not provide for an automatic extension of time for a defendant to answer when a plaintiff's Complaint is lengthy and "exhaustive." A party is still required to seek an extension of time from the Court, which defendant Village of Pontoon Beach, in filing its Motion to Dismiss after the filing deadline, failed to do. The Court finds nothing extraordinary in counsel's excuses of lengthy Complaints, being otherwise engaged in trials, having troubles compiling documents and talking with the client representatives – these are everyday problems experienced by all practicing litigators. They do not suffice to warrant why counsel could not have taken a few minutes to file a simple Motion for Extension of Time with the Court on January 30, 2007 or anytime shortly thereafter. With that being said, the Court does not anticipate further behavior of this nature from any of the parties.

## III. CONCLUSION

Regardless of the Court's admonishment to Defendants' counsel, it will not grant the relief sought by Plaintiffs' in their Motion for Default (Doc. 14). Therefore, Plaintiffs' Motion for Default (Doc. 14) is **DENIED**. Further, Plaintiffs' other Motions for Default (Docs. 6 & 10) are **FOUND MOOT**.

As an additional matter, Defendants' Motion for Extension of Time to Answer or Otherwise Plead (Doc. 22) is hereby **GRANTED**.  Defendants shall file their Answer(s) or otherwise plead by **March 6, 2007**.  Thus, the Court **FINDS MOOT** Defendants' Motion to Vacate Defaults and File Answer (Doc. 24).

**IT IS SO ORDERED.**

Signed this 27th day of February, 2007.

/s/          David  RHerndon
**United States District Judge**