IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL R. STEINWAY and
PEGGY A. STEINWAY and
DAVID W. CROWELL,

    Plaintiffs,

v.

THE VILLAGE OF PONTOON BEACH,
a Municipal Corporation; and in their
individual and official capacities,
VILLAGE OF PONTOON BEACH, ILLINOIS,
POLICE CHIEF CHARLES LEUHMANN,
PATROLMAN JOHN SIMMONS #062, and
LIEUTENANT DAN ABLE, #053,

    Defendants.                                     Case No. 06-cv-1043-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

On March 30, 2007, the Court issued an Order (Doc. 32), instructing Plaintiffs to respond to two separate Motions to Dismiss (Docs. 8 & 19) on or before April 16, 2007, otherwise, Plaintiffs' silence could be deemed an admission as to the merits. Plaintiffs have not timely responded. Thus, because both Motions deal with the same legal issues, the Court will address the Motions to Dismiss together in a single order. For the reasons stated herein, the Court grants defendant the partial Motion to Dismiss filed by defendant Village of Pontoon Beach (Doc. 8) and denies

the partial Motion to Dismiss filed by defendants Leuhmann, Siommons and Able (Doc. 19).

## II. LEGAL STANDARD

Defendants all seek a partial dismissal of Plaintiffs' claims pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. When considering a motion to dismiss pursuant to **Rule 12(b)(6)**, the Court must determine whether the Plaintiffs' Second Amended Complaint states a claim upon which relief can be granted. ***See* FED. R. CIV. P. 12(b)(6)**. As part of its scrutiny, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of Plaintiffs. ***See Szumny v. Am. Gen. Fin.,* 246 F.3d 1065, 1067 (7th Cir. 2001)(applying this standard to a Rule 12(b)(6) motion)**. The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. ***Weiler v. Household Fin. Corp.,* 101 F.3d 519, 524 n.1 (7th Cir. 1996)**. A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. ***Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000)**.

## III. DISCUSSION

Defendant Village of Pontoon Beach, Illinois, a municipal corporation, seeks to dismiss Plaintiffs' punitive damages claims against it based on the theory that municipalities are not subject to punitive damage awards for claims brought pursuant to **42 U.S.C. § 1983**. Defendant Village of Pontoon Beach, Illinois Police

Chief Charles Leuhmann, defendant Patrolman John Siommons and defendant Lieutenant Dan Able also seek a dismissal of Plaintiffs' punitive damages claims based upon a theory of immunity as a police officers under the Tort Immunity Act, **745 Ill. Comp. Stat. 10/2-102.**

Plaintiffs' claims are as follows:

**Count 1** - plaintiff Michael Steinway's § 1983 claim against all Defendants

**Count 2** - plaintiff Michael Steinway's assault and battery claim against all Defendants

**Count 3** - plaintiff Michael Steinway's false imprisonment, unlawful restraint and/or false arrest claim against all Defendants

**Count 4** - plaintiff Peggy Steinway's § 1983 claim against all Defendants

**Count 5** - plaintiff Peggy Steinway's assault and battery claim against all Defendants

**Count 6** - plaintiff Peggy Steinway's false imprisonment, unlawful restraint and/or false arrest claim against all Defendants

**Count 7** - plaintiff David Crowell's assault and battery claim against all Defendants

**Count 8** - plaintiff David Crowell's false imprisonment, unlawful restraint and/or false arrest claim against all Defendants

All eight counts of Plaintiffs' Complaint (Doc. 2) seek punitive damages from all Defendants.[1]

---

[1] In the Motion to Dismiss filed by defendants Leuhmann, Siommons and Able (Doc. 19), however, they only seek dismissal of the punitive damages stated against them in Counts 2, 3, 6, 7 and 8 (and not 1, 4 or 5).

Defendants point out that municipalities are immune from punitive liability in § 1983 suits. ***City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)**. The same has been codified under Illinois statutory law, stating: "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." **745 ILL. COMP. STAT. 10/2-102**. Therefore, Plaintiffs' claim against the Village of Pontoon Beach for punitive damages, as a matter of law, fail. Therefore, Plaintiffs cannot seek punitive damages against the Village of Pontoon Beach and these claims should be dismissed from this case.

However, this municipal immunity does not pertain to individuals. ***See, e.g.*, *Lifton v. Bd. of Educ. of City of Chicago*, 290 F. Supp. 940, 946 (N.D. Ill. 2003)(citing *City of Newport*, 453 U.S. at 269)**. Whether punitive damages can be awarded for a particular cause of action is a matter of law. ***Schmidt v. Ameritech, Illinois*, 329 Ill. App. 3d 1020, 1038, 768 N.E.2d 303, 318, 263 Ill. Dec. 543, 558 (1st Dist. 2002)(quoting *Cirrincione v. Johnson*, 184 Ill.2d 109, 116, 703 N.E.2d 67, 70, 234 Ill. Dec. 455, 458 (1998)(internal citations omitted))**. Punitive damages are allowed under Illinois law "when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." ***Medow v. Flavin*, 336 Ill. App. 3d 20, 37, 782 N.E.2d 733, 747, 270 Ill. Dec. 174, 188 (1t Dist. 2002)(citations omitted)**. In

the Illinois statutes dealing with public employee immunity, it states: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." **745 ILL. COMP. STAT. 10/2-202**. ..

Construing all facts in a light most favorable to the nonmoving party, the Court finds a possibility that defendants Leuhmann, Siommonds and Able were not acting in their official capacity during the events at issue, as it is well-established that officers "who act unreasonably or 'who knowingly violate the law'" are not entitled to use qualified immunity as a defense. ***Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1014 (7th Cir. 2006)(quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991))** As defendants offer nothing discrediting Plaintiffs' allegations of excessive force and other civil rights violations, the Court must, at this stage of the proceedings, take these allegations as true. As such, defendants Leuhmann, Siommonds and Able are not absolutely protected by the qualified immunity shield and Plaintiffs' claims for punitive damages against them do not fail as a matter of law; the claims shall not be dismissed at this time.

### IV.  CONCLUSION

The Court hereby **GRANTS** defendant Village of Pontoon Beach's Motion to Dismiss (Doc. 8) and **DENIES** defendants Leuhmann, Siommonds and Able's Motion to Dismiss (doc. 19). Accordingly, all of Plaintiffs' claims for punitive damages against defendant Village of Pontoon Beach *only* are hereby **DISMISSED**

**WITH PREJUDICE** as a matter of law.

  **IT IS SO ORDERED.**

Signed this 20th day of April, 2007.

                <u>/s/   David RHerndon</u>
                **United States District Judge**