IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL R. STEINWAY and
PEGGY A. STEINWAY and
DAVID W. CROWELL,

    Plaintiffs,

v.

THE VILLAGE OF PONTOON BEACH, et al.,

    Defendants.                             Case No. 06-cv-1043-DRH

## ORDER

**HERNDON, Chief Judge:**

Pursuant to its July 9, 2008 Order (Doc. 70) reserving ruling in part of Defendants' Motion for Summary Judgment (Doc. 48), the Court conducted a probable cause hearing on August 22, 2008. The hearing was necessary to establish whether probable cause existed to bar plaintiff Michael Steinway's claims of unlawful arrest and false imprisonment. This Order is to memorialize the Court's ruling at the probable cause hearing. During the hearing, the Court found that defendant Michael Steinway had been previously convicted by a jury on state charges of resisting arrest. This charge stems from the incident at issue in this case. Therefore, in accordance with ***Heck v. Humphrey***, the Court found Michael Steinway's conviction, which included a ruling by the criminal trial judge that the

arrest was constitutional, established the existence of probable cause for his arrest, thereby barring his § 1983 and state law claims for false arrest, unlawful restraint and false imprisonment alleged against all Defendants in Counts 1 and 3 of the Complaint (Doc. 2).[1] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Case v. Milewski*, 327 F.3d 564, 568 (7th Cir. 2003) (finding that because the plaintiff had previously plead guilty to resisting arrest, his § 1983 claim against police officers for arresting him without probable cause was barred by *Heck*); *Davis v. Temple*, 673 N.E.2d 737, 742 (Ill. App. Ct. 1996) (citation omitted).

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any

---

[1] Count 1 - plaintiff Michael Steinway's § 1983 civil rights claim for unlawful arrest, unlawful use of excessive force and false imprisonment, in violation of the Fourth, Fifth and Fourteenth Amendments, against defendants Simmons and Abel (as the Court previously granted summary judgment on this count in favor of defendants Leuhman and Village of Pontoon Beach).

Count 3 - plaintiff Michael Steinway's Illinois law claim for unlawful restraint and/or false arrest and false imprisonment against all Defendants.

outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, **512 U.S. at 486-87**.

However, plaintiff Michael Steinway's claim for unlawful use of excessive force against defendants Simmons and Abel, as alleged in Count 1, will *not* be barred by a finding of probable cause for the arrest. ***See Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) ("A person convicted of resisting arrest . . . is not precluded from bringing a § 1983 claim action for excessive force stemming from the same confrontation, . . . so long as the § 1983 case does not undermine the validity of the criminal conviction.") (citations omitted)**. Accordingly, summary judgment is hereby **GRANTED** in favor of *all* Defendants regarding plaintiff Michael Steinway's claims of unlawful arrest and false imprisonment as alleged in Count 1 and all of his state law claims alleged in Count 3 of the Complaint (Doc. 2).[2]

---

[2] Defendants Chief Leuhmann and the Village of Pontoon Beach are entitled to summary judgment because without the necessary probable cause to support the underlying constitutional violation alleged, Michael Steinway cannot show these Defendants were liable on Count 3 based upon either a *respondeat superior* or constitutional conspiracy theory (*see* Doc. 70, pp. 16-19). Summary judgment was previously granted in their favor on Count 1 in the Court's July 9, 2008 Order (Doc. 70, pp. 14 & 16).

Plaintiffs' remaining claims in this case are as follows:

**Count 1** - plaintiff Michael Steinway's § 1983 civil rights claim for use of excessive force against defendants Simmons and Able, only;

**Count 2** - plaintiff Michael Steinway's Illinois law claim for assault and battery against all Defendants;

**Count 4** - plaintiff Peggy Steinway's § 1983 civil rights claim for unlawful arrest, unlawful use of excessive force and false imprisonment, in violation of the Fourth, Fifth and Fourteenth Amendments, against defendants Simmons and Able, only;[3]

**Count 5** - plaintiff Peggy Steinway's Illinois law claim for assault and battery against all Defendants;

**Count 6** - plaintiff Peggy Steinway's Illinois law claim for unlawful restraint and/or false arrest and false imprisonment against all Defendants;

**Count 7** - plaintiff David Crowell's Illinois law claim for assault and battery against all Defendants;

**Count 8** - plaintiff David Crowell's Illinois law claim for unlawful restraint and/or false arrest and false imprisonment against all Defendants.

During the hearing, the parties informed the Court that plaintiff Peggy Steinway's underlying criminal case remains pending – the trial date uncertain. Because all agreed that this case should not continue forward until such time that her underlying criminal case is resolved, the Final Pretrial Conference was continued indefinitely. Additionally, the Court hereby *sua sponte* **STAYS THIS CASE** and **ORDERS** Plaintiff to file a Status Memorandum every sixty (60) days to apprise the

---

[3] In the Court's July 9, 2008 Order, summary judgment was granted in favor of defendant Chief Leuhman and Village of Pontoon Beach as to Plaintiffs' § 1983 claims in Counts 1 & 4 (Doc. 70, pp. 14, 16).

Court of the current status of Peggy Steinway's underlying criminal proceedings in state court. Plaintiff's first Status Memorandum shall be filed by **October 28, 2008.** The Court shall lift the stay once Peggy Steinway's underlying criminal proceedings in state court have been resolved so that this case may proceed.

    **IT IS SO ORDERED**.

    Signed this 26th day of August, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**