IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL R. STEINWAY, PEGGY
A. STEINWAY, and DAVID W. CROWELL,

Plaintiffs,

v.

THE VILLAGE OF PONTOON BEACH,
a Municipal Corporation; and in their
Individual and Official Capacities, THE
VILLAGE OF PONTOON BEACH, ILLINOIS
POLICE CHIEF CHARLES, LEUHMANN,
PATROLMAN JOHN SIMMONS, #062, and
LIEUTENANT DAN ABLE, #053,

Defendants.                                             No. 06-cv-1043-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

This matter is before the Court on Defendants' Motion to Strike Punitive Damages (**Doc. 84**) and Memorandum of Law in Support (**Doc. 85**). Plaintiffs filed a Response opposing the Defendant's Motion to Strike (**Doc. 89**). The issues are fully briefed and oral argument is not required.

At this time, the following claims remain in the case:

Count I: Plaintiff Michael Steinway's § 1983 civil rights claim for use of excessive force against defendants Simmons and Able only;

Count II: Plaintiff Michael Steinway's Illinois law claim for assault and battery against all Defendants;

Count IV: Plaintiff Peggy Steinway's § 1983 civil rights claim for use of excessive force against Defendants Simmons and Able only;

> Count V: Plaintiff Peggy Steinway's Illinois law claim for assault and battery against all Defendants;
>
> Count VII: Plaintiff David Crowell's Illinois law claim for assault and battery against all Defendants;
>
> Count VIII: Plaintiff David Crowell's Illinois law claim for unlawful restraint, false arrest and false imprisonment against all Defendants

Plaintiff's Complaint (**Doc. 2**), as amended (**Doc. 80**), contains a prayer for relief requesting punitive damages in each of those counts.

Federal Rule of Civil Procedure 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The Court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." **FED. R. CIV. P. 12(f)**. Local Rule 7.1(g) provides that for all motions other than motions to remand, to dismiss, judgment on the pleadings, for summary judgment and all post trial motions "a party shall have ten (10) days after service of the motion to file a written response." **S.D. ILL. R. 7.1(g)**.

Defendants' Motion to Strike is grossly untimely, pursuant to both Federal Rule of Civil Procedure 12(f) and Local Rule 7.1(g). Plaintiffs moved to reinstate the punitive damages claims on March 18, 2009 (**Doc. 80**). After receiving no responsive pleading from the Defendants, the Court granted Plaintiffs' Motion on April 15, 2009. (**Doc. 83**). It was not until the instant Motion to Strike (**Docs. 84-85**) was filed on June 1, 2009 that Defendants gave any indication they had

objections to Plaintiff's Motion to Reinstate Punitive Damages.

Defendants' untimeliness is sufficient reason to deny the Motion to Strike and hold the issues raised therein as waived. That said, the Court may consider the issue of its own accord. **Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1399-1400 (7th Cir. 1991)**. In this instance the Court will exercise its discretion and consider the merits of Defendants' Motion to Strike, but reminds the parties that the Local Rules and the Federal Rules of Civil Procedure are to be heeded. For a party to not do so is to proceed at its own peril.

## Analysis

On a Motion to Strike pursuant to Rule 12(f), the Court accepts the well-pleaded allegations of the Complaint as true. Section 2-202 of the Illinois Local Governmental and Local Governmental Employees Tort Immunity Act, **745 ILL. COMP. STAT. 10/1-101 *et seq.*,** ("Tort Immunity Act") provides as follows:

> "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party."

**745 ILL. COMP. STAT. 10/2-202 (2009)**. Defendants contend that § 2-202 bars the recovery of punitive damages under Plaintiffs' state law claims. (**Docs. 83-84**). Plaintiff s argue that Defendants' Motion to Strike should be denied because it is untimely and that Defendants "have no evidence" that the individual officers were

acting in an "official executive, legislative, quasi-legislative or quasi-judicial capacity" at the time they committed the acts and omissions alleged in the Complaint. (**Doc. 89**). The Court has already rejected Plaintiffs' first argument. ***Supra***. As stated in more detail below, the Court also rejects Plaintiffs' second argument.

A.   **The Village of Pontoon Beach**

The plain language of § 2-102 as well as the cases interpreting it, clearly establish that the Village of Pontoon Beach is immune from a claim for punitive damages. *See, e.g.*, ***Anderson v. Brd. of Educ. of City of Chicago***, **169 F. Supp. 2d 864, 871-872 (N.D. Ill. 2001);** ***Harris v. City of West Chicago, Illinois***, **2002 WL 31001888 (N.D. Ill.) at * 9;** ***Hicks v. Brd. of Educ. for Dist. 189***, **77 Ill. App.3d 974, 978, 397 N.E.2d 16, 20 (Ill. App. Ct. 5th Dist. 1979)**. Moreover, the Illinois legislature declared it to be the public policy of the State of Illinois that "no local public entity may elect to indemnify an employee for any portion of a judgment representing an award of punitive or exemplary damages." **745 ILL. COMP. STAT. 10/2-302 (2009)**. Finally, municipalities are also immune from punitive damages in federal suits brought pursuant to § 1983. ***City of Newport v. Fact Concerts, Inc.***, **453 U.S. 247, 271, 101 S.Ct. 2748, 2762 (1981).** Thus, the Court finds, as a matter of law, that Defendant, Village of Pontoon Beach, is immune to each and every prayer for punitive damages in Plaintiffs' Complaint, including those pursuant to a theory of *respondeat superior*.

**B.     Defendants Leuhmann, Simmons and Able**

By its terms, § 2-102 applies only to allegations arising out of acts or omissions by "public officials" while "serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity." **745 ILL. COMP. STAT. 10/2-202 (2009)**. The Court must first determine if Plaintiffs' allegations pursuant to state law fall entirely within the scope of § 2-102, i.e., whether Plaintiff's allegations of individual conduct, as opposed to official conduct, are sufficient to take the case outside of § 2-102.   For those claims that are not outside the scope of the statute, if any, the Court must determine if the Defendants were (a) "public officials" and (b) whether Defendants' alleged actions and omissions were of an "official executive, legislative, quasi-legislative or quasi-judicial" nature.

**1. Scope of § 2-102**

As a preliminary matter, the Court will determine if § 2-102 is sufficiently broad to encompass Plaintiff's allegations. **See, *McNamara v. Foley*, 1998 WL 409412 at * 8-10 (N.D. Ill.) (finding that § 2-102 was insufficiently broad to immunize police officers sued in both official and individual capacities where the alleged actions "cross the line dividing discretionary law enforcement . . . and actions taken outside the scope of employment");** *but see*, ***Campbell v. The City of Johnston City*, 2005 WL 3440726 at *4 (S.D. Ill.) (rejecting the analysis of the district court in *McNamara*)**.   If it is not, then an analysis of whether or not Defendants meet the requirements of § 2-102 would be superfluous.

"Official acts in the performance of the duties of an office do not mean simply the lawful acts of the officer holding that office, but include all acts done in his official capacity, under color and by virtue of that office." ***People, ex rel. Woll v. Graber*, 379 Ill. 362, 373, 68 N.E.2d 750, 756 (1946)**. Defendants Leuhmann, Able and Simmons were, according to the allegations in the Complaint, employees of the Village of Pontoon Beach "at all times relevant" and each, according to the Complaint, was at all times relevant "acting within the scope and furtherance of his employment." (**Doc. 2, ¶ 7-9**). Plaintiffs also allege that Defendant Leuhmann was the "Police Chief of the Village of Pontoon Beach" at "all times relevant." (**Doc. 2 ¶ 6**). Defendants Simmons and Able are alleged to have been "police officers" at all times relevant to the Complaint. (**Doc. 2, ¶8-9**). As to each of the individual Defendants, Plaintiffs allege in the Amended Complaint that "at all times relevant hereto" the Defendant was acting in his "official capacity." (**Doc. 2, ¶ 5-6**). Further, Plaintiffs allege that each of the individual Defendants was "at all times relevant . . . acting in accordance with and pursuant to the customs, policies, and practices of defendant Pontoon Beach." (**Doc. 2 ¶ 7-9**). However, Plaintiff also concludes that each of the individual Defendants "is sued in his individual and official capacities." (**Doc. 2, ¶ 7-9**).

The claims for damages remaining in the case, *supra*, arise solely from allegations that in the course of arresting and/or detaining one or more of the Plaintiffs, one or more of the Defendants (a) used excessive force against Plaintiff(s);

(b) engaged in assault and battery against Plaintiff(s); (c) unlawfully restrained Plaintiff(s); (d) falsely arrested Plaintiff(s); and/or (e) falsely imprisoned Plaintiff(s). (**Doc. 2**). Construing the well pleaded facts in the Complaint in the light most favorable to Plaintiffs, the Court determines that Defendants' alleged actions and omissions in the arrest, restraint, and/or detainment of Plaintiffs are, at the very least, "under color and by virtue" of their respective positions as police officers even if they might be abuses of official authority. Thus, the allegations of the Complaint fall squarely with the scope of Section 2-102, notwithstanding the bald conclusion that Plaintiff sues each of the three individual Defendants in "his individual and official capacities." Thus, the Court finds that, as a matter of law, § 2-102 applies to the entirety of each of Plaintiffs' remaining state law claims and prayers for relief.

### 2. Public Officials

The term "public officials" is not defined in the Tort Immunity Act nor is there any Illinois case law defining that term in the context of § 2-102. However, in the context of a case alleging civil rights violations by police officers, another federal district court conducted an extensive analysis of the development of § 2-102 and its relationship to common law public official immunity. ***See Reese v. May*, 955 F. Supp. 869, 873-878 (N.D. Ill. 1996)**. In that case, the district court found that the term "public official" was defined as "a public employee who exercises discretion in the performance of uniquely governmental functions." ***Reese*, 955 F. Supp. at 875**. Other district courts have since adopted that definition. ***See, e.g., Campbell v. The City of Johnston City*, 2005 WL 3440726 at \*2-4 (S.D. Ill.)**. This Court

finds those courts' analyses persuasive and therefore adopts the same definition of public official in this context.

Having defined "public official" for purposes of § 2-102, the Court must now decide whether Defendants Leuhmann, Simmons and Able were at the times relevant to the Complaint "public employees who exercise discretion in the performance of uniquely governmental functions." The Tort Immunity Act defines the term as "an employee of a local public entity." **745 ILL. COMP. STAT. 10/1-207 (2009)**. A "local public entity" is defined by the Tort Immunity Act as including "a county, township, municipality, municipal corporation . . . and all other local governmental bodies." **745 ILL. COMP. STAT. 10/1-206 (2009).** Leaving no stone unturned, the Tort Immunity Act defines "employee" as " a present or former officer, member of a board, commission or committee, agent, volunteer, servant or employee, whether or not compensated, but does not include an independent contractor." **745 ILL. COMP. STAT. 10/1-202 (2009)**.

Law enforcement is a uniquely governmental function that frequently requires the exercise of discretion. The Court determines that Defendant Leuhmann's position as the Chief of Police is discretionary in nature and a uniquely governmental function. As police officers Defendants Simmons and Able also occupy positions that require the use of their discretion and are uniquely governmental. Further, taking the Complaint's allegations as true for purposes of this issue, all three officers were exercising their discretion in uniquely governmental functions at the times relevant to the Complaint. As to Chief Leuhmnann, the

determination, supervision, and implementation of police department policies and procedures alleged to have contributed to Plaintiffs' damages (**Doc. 2, ¶ 5-7, 17-56**) is discretionary and uniquely governmental.  Regarding the two police officers, Simmons and Able, their actions in the arrest, detainment, and/or imprisonment of the Plaintiffs also required the use of discretion in a uniquely governmental function. (**Doc 2. ¶ 5, 8-9, 17-56**) In short, all three defendants not only occupied discretionary/uniquely governmental positions "at all times relevant" to the Complaint's allegations, but were also exercising their discretion in carrying out of a uniquely governmental function "at all times relevant" to the Complaint.  Thus, the Court finds, as a matter of law, that Defendants Leuhmann, Simmons, and Able were "public officials" within the meaning of § 2-102 of the Tort Immunity Act.

### 3. Official Executive, Legislative, Quasi-Legislative or Quasi-Judicial Function

Law enforcement is an inherently "executive" activity.  Though Plaintiff's allege the Defendants abused their discretion and authority "under color of law," Plaintiff's allegations are, nonetheless, that all three individual Defendants were either actively engaged in law enforcement functions or engaged in the setting, implementation or supervision of policy and procedures for law enforcement functions.  (**Doc. 2, ¶ 12-57**).  Moreover, Plaintiff also alleges that Defendants were acting in their "official capacities" at all times relevant to the Complaint.  (**Doc. 2, ¶ 6-9**).  Thus, the Court finds, as a matter of law, that for purposes of § 2-102 the Defendants were acting in an "official executive" capacity.

## Conclusion

In sum, although their official discretion and executive authority may have been abused to Plaintiffs' detriment, those facts do not remove the case from the scope of § 2-102 of the Tort Immunity Act.  For all the reasons stated above, the Court finds that Defendants Leuhmann, Simmons and Able are immune from Plaintiff's claims for punitive damages pursuant to state law and that Defendant Pontoon Beach is immune to all of Plaintiffs' claims for punitive damages. Accordingly, the Court **STRIKES** the prayers for punitive damages in the Complaint for Plaintiffs' state law claims in Counts II, V, VII, and VIII and *all* prayers for punitive damages in the Complaint to the extent they are applicable to the Village of Pontoon Beach, including any pursuant to a theory of *respondeat superior*. Any other claims for punitive damages remain intact.

**IT IS SO ORDERED.**

Signed this 7th day of July, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**